### DENNIS *v.* WOOD.

[No. 11,542.  Filed April 24, 1923.]

1.  TENANCY IN COMMON.—*Expense of Current Repairs.—Contract between Cotenants.—Construction.*—Where, after defendant, a cotenant with plaintiff, had occupied their property for a certain period during which he had paid for current repairs, entered into a contract with plaintiff providing that he was to have possession for a like period under the same terms and conditions as governed defendant's occupancy, was to keep the premises in good repair and pay all taxes except special assessments, and at the expiration of his period of possession the premises were to be put in as good a condition as they were at the end of defendant's possession, natural wear and tear excepted, with a further provision that permanent repairs, such as a new roof for the building, were to be borne equally, *held* that, the property having been sold at a partition sale to defendant after plaintiff took possession, defendant, as owner, was liable for the expense of the roof as a permanent improvement, and that plaintiff was required to bear the expense of painting.  pp. 566, 573.

2.  TENANCY IN COMMON.—*Contracts between Cotenants as to Possession of Common Estate.*—Cotenants can contract with each other relative to the possession of real estate owned by them as cotenants.  p. 573.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by George C. Wood against Colonel E. Dennis. From a judgment for plaintiff, the defendant appeals. *Affirmed conditionally.*

*Harry C. Sheridan, Wolf & Barnes, C. W. Roll* and *George B. Shenk,* for appellant.

*Thomas Ryan* and *Gifford & Gifford,* for appellee.

McMAHAN, J.—Appellant and appellee on November 30, 1917, and for many years prior thereto were equal owners as tenants in common of certain lots in Windfall City, Tipton county, on which there was a brick building. November 15, 1917, they entered into a written contract, wherein, after describing the real estate and reciting their ownership thereof, that appellant had had the use and possession of the same without paying any rent to appellee and had received all the rents from other tenants for a period of ten years and eleven months ending November 30, 1917, without paying or accounting to appellee for any rent or income, and that appellant during that time had paid the taxes, it was agreed that appellee should have possession of said property for a period of ten years and eleven months beginning December 1, 1917, upon the same terms and conditions as appellant had occupied the same. Under the terms of this contract appellee was authorized to take possession of the property November 15, for the purpose of "putting same in as good condition at joint expense as same was in at the time second party (appellant) took possession, natural wear and tear excepted," and it was further agreed that "future expense of repairs as to roofing and shelving shall be borne equally to the amount of $133.28, this amount being borne equally between the first and second party in their settlement. All permanent repairs such as new roof shall be borne equally between first and second party." Street, sewer or gravel road assessments, if

any, were to be borne equally. The usual local and state taxes were adjusted on the basis that appellant should pay them for a period of ten years and eleven months and falling due prior to December 1, 1917, and appellee paying them for a like period next ensuing.

The contract also provided that appellee should "keep said premises in good repair, natural wear and tear excepted, and at the expiration of said ten years and eleven months period the same shall be put in as good condition at joint expense, as same shall be placed in at expiration of said first period, natural wear and tear excepted."

Appellee took possession of said property under said contract and later filed his complaint for partition. Such proceedings were had therein as resulted in a decree that the real estate was indivisible and ordering the same sold, subject to the rights of appellee under said contract. Appellant became the purchaser of said property at the partition sale.

After appellee had taken possession under said contract and after the execution of the deed on partition to appellant and while the latter was the owner in fee of the whole of said real estate, appellee in order to keep said premises in good repair and to make good the wear and tear on said building, expended $83.15 for paint and painting which was necessary, proper and reasonable. After the execution of said deed to appellant, it also became necessary that a new roof be placed on the said building and appellant put a new roof on such building, the reasonable cost thereof being $152.05.

Appellee commenced this action to recover from appellant said sum of $83.15 and appellant filed a counterclaim against appellee asking for a judgment for one-half of said sum of $152.05 expended for the new roof.

The court found the facts as above stated and concluded as a matter of law that appellee was entitled to

recover from appellant $83.15 and that appellant was not entitled to recover anything on his counterclaim. A judgment having been rendered in accordance with the conclusions of law appellant appeals, and assigns as error the overruling of his demurrer to the complaint and that the court erred in its several conclusions of law.

The questions presented by the several errors assigned will be considered together.

The contract was dated November 15, 1917, and by its terms appellee was given the use of the property for a period of ten years and eleven months beginning December 1, 1917. Appellee under this contract was given the right to the possession of the property November 15, 1917, for "the purpose of putting same in as good condition at joint expense as same was when second party (appellant) took possession, natural wear and tear excepted." There is no allegation in the complaint nor does the court find that the repairs which appellee made were for the purpose of putting the property in as good condition as it was at the time appellant took possession. We must therefore conclude that such repairs were not made for that purpose. They were made more than a year after appellee had taken possession under his contract, and, as it would seem, under that provision of the contract which provided that appellee should "keep said premises in good repair, natural wear and tear excepted." It was the duty of appellee, not as a cotenant with appellant, but under the terms of the contract to keep the premises in good repair. The finding of the court is that "after the execution of said contract and after plaintiff had taken possession thereunder, and after the execution of said deed and while defendant was the owner in fee simple of the whole of the fee of said lands, and in order to keep said premises in good repair and to make good the wear and tear

on said buildings" appellee expended said sum of $83.15, all of which was necessary, proper and reasonable. As heretofore stated appellee under this contract was required at his own expense to keep the premises in good repair during the time he occupied it, and at the expiration of the ten years and eleven months, the premises were then to be put in "as good condition at joint expense as same shall be placed in at expiration of said first period, natural wear and tear excepted." The first period referred to means the period during which appellant occupied the property. While the provisions of the contract are somewhat ambiguous in so far as it relates to putting the premises in good condition at the expiration of appellee's occupancy under the contract, it cannot be held that the repairs made by appellee were made for that purpose, as the time to make the necessary expenditures for that purpose was ten years in the future.

Appellant contends that appellee under the terms of the contract is liable for one-half of the cost of putting on the new roof.

We can get a better idea of the intentions of the parties when they entered into this contract if we will place ourselves in the situation of the parties when the contract was executed and consider it in the light of the circumstances under which it was made. At that time and for many years prior thereto appellant and appellee owned the property as tenants in common, each owning a one-half interest therein. Appellant had been in possession of the property for ten years and eleven months paying no rent, collecting all rents from tenants and making no accounting to appellee for any part of the rents.

There is nothing in the contract or in the special finding to show that appellant occupied the property under any contract. The contract made by the parties in No-

vember, 1917, recites: "That whereas appellant has had the use and possession and all of the rents and profits for a period of ten years and eleven months, ending and terminating on November 30, 1917," and that he had "paid no rent to the party of the first part (appellee) and made no division of the rents received from the tenants thereof, but upon the other hand among other obligations assumed and performed, the said Dennis paid the taxes on said premises." And the court finds that appellant had "enjoyed the sole and exclusive possession of said real estate and had collected all rents and profits therefrom" for ten years and eleven months and in "settlement and payment of said use made the contract" in question.

As a cotenant appellant was under the law entitled to the possession of the property, and, in the absence of any finding that he had the "sole and exclusive possession," under a contract it may be inferred that he had such possession as a cotenant and not under any contract with appellee. There is no finding that there were any special assessments or that any permanent improvements were made on the property during the time appellant was in possession of it. In the absence of any finding on that subject, or in relation to the manner of paying such assessment and for such improvements, if any, it will be presumed that they were paid by the parties, as cotenants and not otherwise. And the contract in question provides that appellee should have the use and possession of the property under the same terms and conditions as appellant had occupied it, so in making the contract they indicated that in so far as special assessments and permanent improvements were concerned, that they should be paid for as provided by law in the absence of any contract. In other words they intended that as to such items the law as to the liability of cotenants should apply during the life of the

contract in question, just as it did during the time appellant enjoyed the use of such property.

The parties without a doubt were attempting to deal honestly and fairly with each other when they made this contract. It was their judgment that this could be accomplished by permitting appellee to have the exclusive right to the possession of and to the income from the property for the same length of time that appellant had had such use and on the same terms and conditions, and in order that there might be no misunderstanding as to what those terms were, they proceeded to and did enumerate and set out the terms under which appellee should have exclusive possession of the property. And it is but fair to assume that these were the conditions under which appellant occupied the property. Appellant had paid all the usual local and state taxes during the time he occupied the property and the contract provided that he should pay all of such taxes falling due prior to December 1, 1917, and that during the next ensuing ten years and eleven months appellee should pay all of such taxes. They had in mind the possibility of special assessments being made in the future for sewers and street improvements and that since they were equal owners of the property they should pay such special assessments in proportion to their respective interest in the property as owners. Appellant while he was in possession of the property paid for the current repairs, and it was no more than right that appellee should pay for such repairs during the time he was to have the use of the property, the only apparent exception being that current repairs to the roof and shelving were to be paid by them equally to the amount of $133.28. The reason for this provision as explained in the contract, was that in their settlement that amount had been borne equally by them.

After having mentioned the local and state taxes,

special assessments and current repairs, and agreeing as to how they should be paid, and as we presume with knowledge that the owners under the law were required to pay for permanent improvements in proportion to their ownership or interest in the property without reference to the interest or right of appellee under the contract, it was agreed that permanent repairs such as a new roof should be borne by them equally. The contract did not change or alter the liabilities of the parties relative to the payment of special assessments. The payment of these was left just where the law placed it. When this contract was made the parties not only had in mind their then ownership and the liability of each for special assessments and permanent improvements, but they were contracting in relation to the property and the then ownership with the evident idea in mind that such ownership would continue and it is our judgment that under this contract the owners as such were required to pay for all permanent improvements such as the new roof and that appellee was to keep the property in good repair, natural wear and tear excepted and to pay for such repairs except as otherwise provided and that he was to pay all taxes except special assessments.

Suppose that appellee instead of appellant had purchased this property at the partition sale. Would it be claimed that after he had so purchased it, he could make permanent repairs such as a new roof and require appellant to pay one-half of the cost? Or suppose appellee had purchased the property at such a sale, and within a few months prior to the expiration of the period for which he was entitled to hold under the contract, the municipal authorities had by proper proceedings required the owners to improve the street with an expensive pavement, would it be reasonable to hold that it was the intention of the parties that appellant should pay one-half of the cost of such improvement when he

owned no part of the property? It would be just as reasonable to so hold as it would be to hold appellee liable for any part of the cost of putting a new roof on the buildings.

There is no doubt but that cotenants can contract with each other relative to the possession of real estate owned by them as cotenants. Both parties concede that 2. the contract in question is valid and binding on each of them. They disagree only as to the construction to be placed upon it.

We are of the opinion that, under the facts found, the court did not err in holding as a matter of law that appellee was not liable for any part of the cost of 1. the new roof. But under the facts the court did err in its conclusion that appellant was liable to appellee for any part of the $83.15 expended for repairs.

In view, however, of the fact that appellant on the oral argument of this cause conceded that said $83.15 was expended by appellee for such repairs as under the contract they were to pay in equal shares the judgment will be affirmed if appellee within thirty days from this date shall remit the sum of $41.57 as of the date of the finding in the lower court and file the certificate of the clerk of the trial court with the clerk of this court as evidence of such remittitur. If such remittitur is not filed the judgment will be reversed with directions to grant a new trial, and to sustain the demurrer to the complaint with leave to amend if desired.